HORTON, Judge.
The plaintiffs below appeal a final order dismissing with prejudice their complaint for rescission of a deposit receipt agreement and the return of a $2,000 earnest money deposit.
The appellants, as purchasers, and the appellees, as sellers, entered into a deposit receipt contract for the sale of certain real property. The contract provided in part that the appellees would furnish an abstract showing good and marketable title of record and in the event that title was not good and marketable, the monies deposited thereunder would be returnable to the appellants. Another provision of this contract was that “said property is sold and is to be conveyed subject to easements, restrictions, limitations, conditions, and rights-of-way of record running with the lands * * *.” [Emphasis supplied] An abstract of title was furnished by appellees as called for by the contract *422 and upon examination, the appellants discovered that in the chain of title was a conveyance which contained a “reverter” clause. This was not an automatic reverter but required sixty days’ notice to the holders of the property to comply with certain enumerated restrictions, conditions and limitations, and in the event of noncompliance, the property would thereupon im,mediately revert with the right of entry ■ without notice. Because of this “reverter” clause, appellants concluded that the title was not good and marketable and accordingly demanded the return of the earnest money deposit. Upon the appellees’ refusal, this litigation ensued seeking to rescind the contract and to require return of the earnest money deposit. Appellees moved to dismiss the complaint upon the ground that notwithstanding the alleged “reverter” clause the appellants were legally bound by their contract to perform. After due notice and ■hearing, the chancellor granted the motion and entered the order appealed.
The sole point here for determination is whether or not the provisions of the deposit receipt contract bound the appellants to purchase the property with the “reverter” clause. Both parties agree that a reverter is an encumbrance which would render the title unmarketable. Ordinarily, in the absence of a proviso to the contrary, the appellants would be relieved from the obligation to accept a title which contained ' a reverter clause. However, the question posed here revolves around the interpretation of the word “conditions” contained in that portion of the contract which provides “said property is sold and is to be conveyed subject to easements, restrictions, limitations, conditioits, and rights-of-way of record * * [1] [Emphasis supplied]
The chancellor construed the alleged re-verter clause as creating an estate upon condition subsequent and such as would be included in the term “conditions” which the appellants had agreed to in their contract with the appellees. The appellants insist, however, that the clause in question creates a fee simple determinable coupled with a possibility of a reverter and thus not a “condition.”
The distinction between a fee simple determinable and an estate on condition subsequent is that as to the former, the words creating it limit the continuation of the estate to the time preceding the happening of the contingency, while in the latter, the words creating the condition do not originally limit the term but merely permit its termination upon the happening of the contingency. The main difference is whether the estate automatically expires upon the occurrence of a stated event, or whether the conveyor has the power to terminate it upon the happening of the event if he desires to do so. See Richardson v. Holman, 160 Fla. 65, 33 So.2d 641, 642. A “condition” is defined in Words & Phrases, Permanent Vol. 8, p. 631, as “a qualification or restriction annexed to a conveyance of lands, whereby it is provided that, in case a particular event does not happen, or in case the grantor or grantee does, or omits to do, a particular act, an estate shall commence, be enlarged, or defeated.” See also 12 Fla.Jur., Estates, § 30, p. 337. Since it would clearly appear that the use of the word “conditions” in the contract as an exception to the conveyance of a marketable title would encompass and include a condition coupled with a possibility of a reverter, the appellants would have no legal basis upon which to refuse compliance with the terms of the contract. In Wheeler v. Sullivan, 90 Fla. 711, 106 So. 876, 878, the Supreme Court of Florida, in passing upon a similar question, said:
“The contract here sued upon is ex-ecutory. That being the case, the settled rule is that, unless excepted by such contract of sale, or the restrictive covenants be properly released, or the obj ection duly waived by the vendee, *423 covenants imposed by the vendor or a predecessor in title, restricting the use which may be made of the premises, are such incumbrances as entitle the purchaser to refuse to perform, unless such covenents [sic] require no more than the law would compel the vendee to do, or refrain from doing, as the case may be, independently of contract.” [Emphasis supplied]
Concluding as we have that the chancellor’s construction placed upon the terms of the contract was correct, it follows that the order appealed should be and is hereby affirmed.
Affirmed.

. See Boyer, Fla. Keal Estate Transactions, § 4.03, for a discussion of this subject.