THOMAS, Justice.
It was alleged in the complaint filed in the Circuit Court that the Hurds, plaintiffs, now petitioners, agreed to buy from the Beckers, defendants, respondents here, certain property, by sales contract, or deposit receipt, and paid as earnest money the sum of $2000. It was expressly understood, so the plaintiff averred, that if it was revealed in the abstract that the title was not “good and marketable” the payment would be returned and the contract considered null and void.
The agreement provided for certain additional payments in cash and installments. Furthermore, among other stipulations was one that “Said property is sold and is to be conveyed subject to easements, restrictions, limitations, conditions, and rights-of-way of record running with the lands * *
Upon examination the abstract disclosed, so it was alleged in the Complaint and demonstrated by the exhibits, that in the chain of title appeared a deed containing a re-verter clause providing that if the grantee “his heirs, personal representatives or assigns, or any holder or holders of the property hereby conveyed, by virtue of any judicial proceedings, shall fail to comply with any of the above and foregoing restrictions, conditions or limitations within 60 days after written notice to said second party, his heirs, personal representatives or assigns, or any of them at his or their last known address by said first party, his heirs, personal representatives or assigns or either of them, then the said above described and conveyed property shall immediately revert to the said first party, his heirs or assigns, who shall be entitled to immediately enter upon said property without notice and take possession of the same with full title in fee simple, together with all improvements thereon, and no waiver of any of these conditions, limitations or restrictions expressed or implied, or failure for any length of time to enforce same, shall constitute a bar to such enforcement at any time.” (Emphasis added.)
This provision, charged the petitioners, rendered the title unmarketable and entitled them to all money that had been paid to the respondents.
Furthering this position that the title was not marketable because of the clause *143 in the deed, of more than 30 years before, the petitioners demanded the return of their money and upon failure of the respondents to comply filed the action to recover. A motion to dismiss the complaint on the ground that the petitioners were obligated to perform notwithstanding the reverter clause was granted by the chancellor whereupon the controversy was taken to the District Court of Appeal.
In the opinion rendered on the appeal it was remarked that the sole point for decision was whether or not the deposit receipt, or contract, obligated the’petitioner to conclude the purchase despite the reverter clause we have described.
The court observed that the parties agreed to the blanket statement that a re-verter is an encumbrance and would render a title unmarketable and “ordinarily, in the absence of a proviso to the contrary” relieve the prospective purchasers of the obligation to perform. But the court thought the immediate question turned on the interpretation of the word “conditions” in the provision of the contract already quoted with respect to conditions, limitations and so on.
The chancellor held the view that the reverter clause should be construed as creating an estate upon condition subsequent and should, therefore, not be objectionable in view of the agreement by the petitioners to take the property subject to “conditions of record,” but the petitioners insist that the clause creates a fee simple determinable coupled with the possibility of reverter and is no mere condition.
The District Court in an erudite opinion distinguished between the two, a fee simple determinable and an estate on condition subsequent, explaining that in the one the estate is limited to the time preceding the happening of a contingency, while in the other the term is not limited but permits termination upon the occurrence of the contingency. In other words, in one the estate ends automatically; in the other the grantor reserves the right to terminate upon the happening of the event.
The opinion was not unanimous. The dissenting judge had the conviction that the fine distinction drawn in the majority opinion between “ 'a fee simple determinable’ and an ‘estate on condition subsequent,’ ” while recognizable at common law a century ago, was presently of small “practical significance.” Further, he would reject the conclusion that the word “conditions” in the contract embraced the reverter clause which has posed the problem of this litigation. He thought the focal point was whether the parties intended that the purchaser be obligated to take title which was alleged to be unmarketable because of the reverter clause in a deed in the chain of title, a question to which he thought an answer could be found only by considering the entire contract.
So at this point, the question would be whether the reverter clause should itself be categorized as a condition or be considered as creating a fee simple determinable with a possibility of reverter hence not a condition subject to which the purchasers agreed to take the property.
The chancellor had decided the controversy by summary decree.
We think it was important to determine the intention of the parties as the dissenting judge opined and that that was not practicable without the taking of testimony.
Without engaging in an extended discussion of the highly technical distinction between a fee simple determinable and an estate on condition subsequent, which distinction the dissenting judge considered impractical if not obsolete, we think it should be determined as a fact what the parties had in mind when they entered the contract, an opportunity not afforded as the controversy was determined by summary judgment entered upon a motion to dismiss.
*144 Reverting to the procedure in the chancery court, it is clear that the motion to dismiss was a challenge of petitioners’ right to recover on the ground that the re-verter clause in the intervening deed was no excuse for failure to take the property and, of course, pay for it. Upon this motion, the chancellor entered an order determining that the controversial reverter clause was “a condition subsequent and one of the conditions referred to. in the contract” subject to which the petitioners agreed to take the property.
Among petitioners’ assignments of error upon advent at the District Court of Appeal were challenges not only to the construction of the reverter clause as a condition but also the summary disposition of the clause by the chancellor without affording petitioners a hearing “in violation of constitutional due process of law.”
When the controversy came to this court, two questions were posed, one concerning the decision by the chancellor “without the taking of testimony to determine the intent of the parties,” and the other with the soundness of requiring the petitioners to accept the property in the face of the re-verter clause in the chain although protected by the guaranty they would get “good and marketable title.”
We are not quite clear about the development of the first question before the District Court of Appeal, since it was not mentioned in the main opinion, but doubtless it was not completely ignored inasmuch as the dissenting judge made the comment, to which we have already adverted, that the intention of the parties was an important factor to a just decision.
We think so too.
Here we have a reverter clause which conceded^, in general terms, is a cloud on title and if so, qertainly completely antithetical to a promise to convey good and marketable title. The solution in the present state of the record that justice will flow from an interpretation that only a “condition” has resulted is not acceptable to us.
We think the matter should go back to the chancellor for the consideration of testimony to clarify what we consider an ambiguity.
The decision is quashed with directions to return the cause to the chancellor for further consideration and eventual disposition.
DREW, C. J., and ROBERTS and CALDWELL, JJ., concur.
ERVIN, J., dissents.