PER CURIAM.
This appeal concerns which of the parties holds the leasehold interest in the southern ten feet of the now vacated Southeast Fourth Street located in Fort Lauderdale, Florida. Fort Lauderdale & Southern Development Corporation (Fort Lauderdale) owns the Holiday Inn situated on the property north of and adjacent to Southeast Fourth Street. Beach Boys Plaza, Inc. (Beach Boys) is the present leasehold owner of the property south of and adjacent to Southeast Fourth Street.
Albert B. Austin and Lucille A. Austin are the fee owners and lessors of the leasehold interest in dispute.
On May 18, 1964, a ninety-nine year agreement was entered into between the Austins and Casa Playa, Inc. leasing the property south of Southeast Fourth Street, exclusive of right of ways. This lease was subsequently assigned in 1964 and 1966.
On April 10,1968, the lease was modified to provide that upon the vacating of the alley north of the leasehold property (Southeast Fourth Street) by the City of Fort Lauderdale it would become part of the leasehold.
On September 3, 1974, Fort Lauderdale became the assignee of the lease agreement.
On April 30, 1975, Fort Lauderdale entered into an Option Agreement with Varu-na, Inc., Beach Boys’ predecessor in title, to assign the lease and acknowledge that Southeast Fourth Street eventually would be vacated and when it was it would remain the property of Fort Lauderdale.
On November 26, 1975, Varuna, Inc. exercised its option and Fort Lauderdale assigned the lease.
On December 9, 1975, Varuna, Inc. assigned its interest in Southeast Fourth Street to Fort Lauderdale. This assignment was duly recorded the next day.
Several more assignments of the lease occurred prior to October 9, 1984, when Beach Boys became the assignee.
On November 20, 1984, the City of Fort Lauderdale enacted an ordinance which vacated, abandoned, and closed Southeast Fourth Street.
This dispute arose when Beach Boys commenced construction work on Southeast Fourth Street. Fort Lauderdale was initially successful in obtaining a temporary injunction against Beach Boys’ use of *561 Southeast Fourth Street. At the final hearing, the trial judge dissolved the temporary injunction ruling that the agreement between Fort Lauderdale and Varuna, Inc., was personal in nature and not a covenant which ran with the land.
We believe the trial judge erred in failing to find the agreement between Fort Laud-erdale and Varuna, Inc. to be an assignment of a future interest in land, duly recorded and binding upon any successor in title.
The written assignment (which is found to have been sufficiently argued below) was a valid transfer of an uncertain future interest in property, properly executed by the parties for valuable consideration, delivered and accepted. § 689.01, Fla.Stat. (1987); Richardson v. Holman, 160 Fla. 65, 33 So.2d 641 (1948).
Beach Boys can have no greater property rights than the property rights of its lessor. The recorded assignment is notice to all subsequent assignees, including Beach Boys.
Much is made of the légal differences between a covenant and an assignment in order to support the lower court’s finding that only a promise to convey in the future was created by the Option Agreement binding only Fort Lauderdale and Varuna, Inc. To adopt that position leads to the conclusion that the Austin modification concerning the same future act would be binding only on them and the then lessors, which is espoused by no one.
Accordingly, the judgment appealed from is REVERSED and the cause is REMANDED to the trial court for further proceedings consistent herewith.
GARRETT, J., and KAHN, MARTIN D., Associate Judge, concur.
GLICKSTEIN, J., dissents with opinion.