PER CURIAM.
LZ Properties, a Florida general partnership, is seeking certiorari review of a trial court order disqualifying its attorney, N. Burton Williams. Because the disqualification of Williams did not depart from the essential requirements of law, we deny the petition for writ of certiorari.
The underlying litigation was filed by LZ Properties against Tampa Obstetrics, P.A., Dr. Susan Levine, and Dr. Paul R. Levine. Tampa Obstetrics is being sued for eviction; Dr. Paul Levine is being sued as a guarantor of Tampa Obstetrics’ financial obligations to LZ Properties; and Dr. Susan Levine is being sued for breach of fiduciary duties as a general partner of LZ Properties.
Dr. Paul Levine, Stephen Zweibach, and another individual executed a personal guarantee of the financial obligations of Tampa Obstetrics to LZ Properties that is the subject of this lawsuit. According to the allegations of the complaint, Tampa Obstetrics has failed to meet its obligations to LZ Properties. Zweibach retained attorney Williams to initiate the lawsuit on behalf of LZ Properties. Zweibach and Susan Levine are the general partners of LZ Properties.
For the past two years, Williams has ■ represented Zweibach in several lawsuits against Susan Levine, Paul Levine, and Tampa Obstetrics. Some of the litigation is ongoing. On July 7, 1999, prior to the disqualification hearing, Susan Levine sent Williams a letter on behalf of LZ Properties to inform him that he was not authorized to file the lawsuit and that he was not authorized to represent LZ Properties in any matter.
Disqualification of Williams is appropriate under Rule 4-1.7(b), Rules Regulating The Florida Bar, which provides:
A lawyer shall not represent a client if the lawyer’s exercise of independent professional judgment in the representation of that client may be materially limited by the lawyer’s responsibilities to another client ..., unless:
(1) the lawyer reasonably believes the representation will not be adversely affected; and
(2) the client consents after consultation.
In this case, Zweibach retained Williams to represent the partnership, but Zweibach is a guarantor on the very guarantee that is the basis of one of the counts of the lawsuit. Williams’ relationship with Zwei-bach is an ongoing attorney-client relationship which predates Williams’ representation of the partnership. Even if Williams could reasonably believe that his judgment is unimpaired, Zweibach, as a representative of the partnership and as a guarantor, is not in the position to evaluate or consent to Williams’ representation. The other partner, Susan Levine, has clearly rejected Williams’ representation of the partnership. Accordingly, Williams cannot represent the partnership.
Petition denied.
FULMER, A.C.J., and GREEN and DAVIS, JJ., Concur.