PER CURIAM.
The Petition for Certiorari filed by The Travelers Insurance Company is granted and the trial court’s order denying Defendant’s Motion to Disqualify Plaintiffs Counsel, Edward W. Levine, Esquire, is quashed.
Since 1982, Burger King and The Travelers Insurance Company (Travelers) have entered into a series of agreements for the handling and resolution of third-party workers’ compensation claims, as well as other areas of liability. The essence of the parties’ agreements provided that Travelers would service and administrate Burger King’s claims.[1] The fee Burger King would pay per case was a percentage of the dollar amount paid out by Burger King in that case. Burger King brought suit against Travelers, alleging in its complaint below, essentially, that from 1982 to the present, Travelers improperly handled and adjusted every workers’ compensation claim made against Burger King by intentionally seeking to pay higher sums to claimants in order to increase Travelers’ fees.
The attorney representing Burger King is Edward Levine. Travelers asserts that among the allegedly mishandled claims at issue in the instant case are two open claims in which Mr. Levine represents both Burger King and Travelers and three claims in which he formerly represented Burger King and Travelers.[2] Burger King denies that Mr. Levine was ever Travelers’ attorney and claims that Burger King paid *1173 all of his fees and that at all times he only .represented Burger King’s interests.
Travelers asked Mr. Levine to withdraw from the present case. He declined. Travelers then filed a motion to disqualify. The court denied the motion, but nevertheless ruled that Mr. Levine could not participate in the portion of the case relating to the five claims in which Travelers alleged that he had or was currently representing it. Travelers petitions this court for a writ of certiorari. For the following reasons, we grant Travelers’ petition and quash the order denying Travelers’ Motion to Disqualify.
This case ultimately comes down to whether or not Edward Levine and Travelers had an attorney/client relationship based upon Levine’s handling of the aforementioned claims. Rule 4-1.7 of the Rules Regulating the Florida Bar, which pertains to a conflict of interest between an attorney and client, provides:
(a) Representing Adverse Interests. A lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the lawyer’s responsibilities to and relationship with the other client; and
fé) each client consents after consultation.
Additionally, Rule 4-1.9 of the Rules Regulating the Florida Bar, which deals with conflicts of interest with a former client, provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6[3] would permit with respect to a client or when the information has become generally known.
Therefore if, as has been asserted, Mr. Levine currently represents Travelers in two of the underlying claims, and has also represented Travelers on previous occasions, he cannot represent Burger King in a case against Travelers without first obtaining Travelers’ consent. The record is replete with documents signed by Mr. Levine, both filed in court and otherwise, wherein he represents himself as the attorney for Travelers.[4]
*1174 Moreover, it is clear that Mr. Levine represented the interests of both Burger King and Travelers, as each were at risk in the claims he defended. Although Burger King is self-insured up to $500,000, Travelers bore responsibility for any award over ■ this amount, essentially acting as an excess carrier. Burger King is quick to point out that Travelers cannot show any case in which that amount has ever been reached. This is besides the point. The fact remains that Travelers was on the risk for unlimited liability in the event that an award exceeded $500,000. Burger King is necessarily aware of the possibility of such a large award, unlikely as it may be, or else it would not have bothered to purchase excess insurance. This is even more exasperated by the aforementioned documents in which Mr. Levine held himself out as Travelers’ attorney. It should go without saying that for Mr. Levine to act as the opposing counsel against Travelers in this case goes well beyond merely creating the appearance of impropriety.
For the forgoing reasons, Mr. Levine must be prohibited from representing Burger King in its case against Travelers unless Travelers gives its consent. The lower court ignored the essential requirements of the law by denying the motion to disqualify, since it is patently clear that Travelers’ relationship to Mr. Levine is that of both a current client and a former client in a substantially related matter.
Accordingly, the Petition for Certiorari filed by The Travelers Insurance Company is granted, the trial court’s order denying Defendant’s Motion to Disqualify Plaintiffs Counsel, Edward W. Levine, Esquire, is quashed, and the trial court is instructed to enter an order granting said motion.

. Burger King is self-insured up to $500,000. According to the parties, this amount has fluctuated on occasion since the agreement was first entered into. Travelers is responsible for any liability over this amount.

. Travelers further asserts that Mr. Levine has also acted as its attorney in cases involving other employers for whom Travelers was the insurance carrier.

. Rule 4-1.6 sets forth situations where a lawyer may or must reveal information relating to the representation of a client, none of which are applicable to the present case.

. The following are descriptions of some of the documents in which Mr. Levine represented that he was the attorney for Travelers:
A letter dated October 25, 1995, written on letterhead reading "Arrick & Levine, P.A.” and signed by Mr. Levine, regarding the subject matter of the future deposition of claims adjuster Carolyn Corley in the case of Karen Bronson v. Burger King. The letter, written to the claimant's attorney, begins "[a]s I am sure you [sic] aware, the undersigned represents Burger King and Travelers in the above captioned matter.” A letter dated January 7, 1999, written on letterhead reading “Edward W. Levine & Associates, P.A.” and signed by Mr. Levine, concerning the case of Jerry Atkinson v. Pan Am World Service, Inc. The letter was written to a doctor who had treated Mr. Atkinson and begins "I am the attorney representing the above captioned employer and the insurance carrier/servicing agent in the above captioned matter.”
A Notice of Appearance dated March 16, 1999, in the case styled "Jerry Atkinson v. *1174 Johnson Controls/Pan American World and Travelers Insurance". The Notice reads "COMES NOW the law firm of EDWARD W. LEVINE AND ASSOCIATES, and files their Notice of Appearance as counsel for JOHNSON CONTROLS/PAN AMERICAN WORLD and TRAVELERS INSURANCE in this cause.” The Notice is signed "EDWARD W. LEVINE, ESQ. ATTORNEY FOR EMPLOYER/CARRIER”.
A letter dated February 24, 2000, written on letterhead reading "Edward W. Levine & Associates, P.A.” and signed by Mr. Levine, regarding the Independent Medical Examination of claimant Susan Johnson in her case against Burger King. The letter begins "I am the defense attorney who represents the employer/carrier, Burger King and The Travelers Insurance Company, on the above related workers’ compensation claim.”
A letter dated September 14, 2000, written on letterhead reading "Edward W. Levine & Associates, P.A.” and signed by Mr. Levine, confirming the appointment of a Functional Capacity Evaluation for claimant Susan Johnson. The letter, written to the claim-' ant’s therapist, begins "I am the attorney representing the employer, Burger King and the insurance carrier, Travelers, in the above captioned worker’s compensation case.”
A Notice of Taking Deposition in the case styled “SUSAN LOPEZ JOHNSON v. BURGER KING CORPORATION and TRAVELERS INSURANCE CO.” The Notice states that the "Employer, BURGER KING and Carrier, TRAVELERS INS. CO., will take the deposition of: The Medical Records Custodian of Dr. Joseph Raskin ...” and is signed by "EDWARD W. LEVINE, ESQ. Attys for Employer/Carrier”.