890 So.2d 496 (2004)
Harvey E. MORSE, P.A., etc. et al., Petitioners,
v.
Curtis A. CLARK, etc., Respondent.
No. 5D04-2285.
District Court of Appeal of Florida, Fifth District.
December 30, 2004.
*497 Scott W. Cichon and Robert Taylor Bowling, of Cobb & Cole, Daytona Beach, for Petitioner.
Charles D. Hood, Jr., of Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A., Daytona Beach, for Respondent.
SHARP, W., J.
Harvey E. Morse, P.A. (Morse), an assignee of various intestate heirs of John Vallega, seeks certiorari review of the trial court's order which denied its motion to disqualify the law firm of Smith, Hood, Perkins, Loucks, Stout, Bigman, Lane & Brock, P.A. (Smith Hood) from representing Clark, the Trustee of the John Vallega Trust, in this probate proceeding involving Vallega's estate. We grant the petition and remand for further proceedings consistent with this opinion.
Certiorari is the appropriate remedy to review orders granting or denying a motion to disqualify counsel. See Gonzalez v. Chillura, ___ So.2d ___, 29 Fla. L. Weekly D2442 (Fla. 2d DCA Nov.3, 2004); Anderson Trucking Service, Inc. v. Gibson, 884 So.2d 1046 (Fla. 5th DCA 2004). The standard of review is whether the lower court's order constitutes a departure from the essential requirements of law. See Anderson; Key Largo Restaurant, Inc. v. T.H. Old Town Associates, Ltd., 759 So.2d 690 (Fla. 5th DCA 2000).
An order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct. See City of Lauderdale Lakes v. Enterprise Leasing Co., 654 So.2d 645 (Fla. 4th DCA 1995); Cazares v. Church of Scientology of California, Inc., 429 So.2d 348 (Fla. 5th DCA 1983). Here we find the lower court failed to apply the applicable rule.
The facts in this case are not in dispute. The decedent, John Vallega, died intestate on October 11, 2001. He had executed and funded a revocable living trust, the John Vallega Trust, which provided that on his death the assets would be distributed equally to four educational institutions. Although Vallega had also executed a will, it was improperly witnessed and he died intestate. This probate proceeding was initiated shortly after Vallega's death.
Morse is a genealogical service specializing in locating missing heirs. It conducted research to locate the heirs of Vallega's estate. It was successful in doing so, and in return for its services, Morse received an assignment of a percentage of the intestate heirs' interests in the Vallega Estate. Morse filed several petitions in the Vallega estate probate proceedings, including a petition to determine heirs of the estate and their respective shares, and it consented to an order directing the personal representative to commence an action to determine the validity of the inter vivos trust.
*498 Smith Hood has been representing Morse since 1999, regarding similar matters unrelated to this litigation, and was currently doing so at the time Smith Hood undertook the representation of Clark in this matter. When Morse (through its principal, Harvey Morse), learned that Clark had retained a partner in Smith Hood to represent him in this probate proceeding, Morse sent another attorney in Smith Hood an e-mail advising him of the conflict. The attorney replied that he would inform the partner retained by Clark, about Morse's e-mail. Morse did not agree to the firm's representation of Clark nor did it waive the conflict. It also was not consulted by Smith Hood about its representation of Clark.
In February 2004, Smith Hood filed a petition in this probate proceeding to determine beneficiaries and for a declaratory judgment on behalf of Clark. The petition claims that the majority of Vallega's assets are owned by the trust, not the estate, and it also demands reimbursement of estate taxes paid by the trust, which if granted, would decrease the value of the intestate heirs' distributions. Accordingly, Morse filed a verified motion to disqualify Smith Hood from representing Clark in this probate proceeding, and to strike the pleadings filed by the firm.
The trial judge found that Smith Hood formerly represented Morse in unrelated matters and that it currently represents Morse in an unrelated matter. It ruled in part as follows:
Before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former clients, the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client.
In making this ruling, the trial judge relied on Rule 4-1.9(a), Rules Regulating the Florida Bar.
Both parties agree that the applicable Rule in this case is actually Rule 4-1.7(a), which imposes a much stricter disqualification standard for an existing client than a former client. It forbids a lawyer from representing a client in a matter directly adverse to an existing client unless:
(1) the lawyer reasonably believes the representation will not adversely affect the lawyer's responsibilities to and relationship with the other client; and
(2) each client consents after consultation.
For existing clients, Rule 4-1.7(a) does not distinguish between matters related or unrelated. And Rule 4-1.10(a) imputes disqualification to lawyers of the same law firm, as though any one of them were practicing alone. See Akrey v. Kindred Nursing Centers East, 837 So.2d 1142 (Fla. 2d DCA 2003).
The existing client rule is based on the ethical-concept requirement that a lawyer should act with undivided loyalty for his client and not place himself or herself in a position where a conflicting interest may affect the obligations of an ongoing professional relationship. It is difficult to imagine how a lawyer could appear in court one day arguing vigorously for a client, and then face the same client the next day and vigorously oppose him in another matter, without seriously damaging their professional relationship. Such unseemly conduct, if permitted, would further erode the public's regard for the legal profession.[1]
*499 Smith Hood urges that its representation of Clark is not directly adverse to the interests of Morse because the representation of Clark will not require the firm to oppose a claim by Morse in the matters in which Smith Hood represents Morse. That is simply not the test. Here, it is Smith Hood's duty in representing Clark, to uphold the validity of the inter vivos trust, and to augment its assets. These positions are clearly adverse to Morse's and the intestate heirs' interests, in this probate proceeding.
Smith Hood also argues that Morse does not have a direct interest in this probate proceeding because he merely has a contingency interest in a part of the intestate heirs' shares of the estate. We do not agree. An assignee of an intestate heir of an estate steps into the shoes of the intestate heir and may appear as a party in interest in a probate proceeding. Richardson v. Holman, 160 Fla. 65, 33 So.2d 641 (1948); In Re Francis' Estate, 153 Fla. 360, 14 So.2d 803 (1943). By virtue of the assignments, Morse has as much of an adverse interest to Clark as any intestate heir in this case.
Since a clear violation of Rule 4-1.7(a) was established in this case, a conflict of interest involving a current client, the lower court should have granted Morse's motion to disqualify the law firm of Smith Hood from representing Clark in this proceeding. See LZ Properties v. Tampa Obstetrics, P.A., 753 So.2d 721 (Fla. 2d DCA 2000); Travelers Ins. Co. v. Burger King Corporation, 791 So.2d 1171 (Fla. 3d DCA 2001); Metcalf v. Metcalf, 785 So.2d 747 (Fla. 5th DCA 2001). See also Junger Utility and Paving Co., 578 So.2d 1117 (Fla. 1st DCA 1989). We quash the order denying disqualification and remand for further proceedings consistent with this opinion.
Petition for Certiorari GRANTED; Order QUASHED; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] As noted by the first district in Junger Utility and Paving Co., Inc. v. Myers, 578 So.2d 1117, n. 1 (Fla. 1st DCA 1989), the Code of Professional Responsibility, Canons 4, 5 and 9 [A lawyer should preserve the Confidences and Secrets of a Client; A Lawyer should Exercise Independent Professional Judgment on Behalf of a Client, and A Lawyer should avoid Even the Appearance of Professional Impropriety] were superceded in 1987 by the Rules Regulating the Florida Bar. However, the ethical considerations addressed in the Canons survive in Rules 4-1.7 and 4-1.9. The concept of avoiding the appearance of impropriety is an additional basis for Rule 4-1.7.