PER CURIAM.
Paul Flaig seeks a writ of certiorari quashing the trial court’s order denying his motion to disqualify counsel for the respondent, Coquina Palms Homeowner’s Association, Inc. (“Coquina”). At the evi-dentiary hearing on his motion, Flaig’s testimony established a prima facie case for disqualification of counsel for Coquina. However, before any other witnesses were called, counsel for Coquina requested that the trial court deny the motion. Coquina states in its Response that in making this request, it “in essence ... moved for directed verdict or involuntary dismissal.” The trial court granted the motion and entered the order we now review. Both Flaig and Coquina request that, if this court finds that the trial court erred in granting the order under review, we quash the order and remand for a full evidentiary hearing.
We conclude that the trial court erred in depriving Flaig of a full evidentiary hearing and thereby departed from the essential requirements of the law, causing material injury that cannot be remedied on appeal. See Yang Enters., Inc. v. Georgalis, 988 So.2d 1180, 1182-88 (Fla. 1st DCA 2008) (“Certiorari is the appropriate remedy to review orders denying a motion to disqualify counsel. Accordingly, Petitioners had to show that the circuit court departed from the essential requirements of law and that this departure resulted in a material injury that cannot be corrected on postjudgment appeal.” (citing Zarco Supply Co. v. Bonnell, 658 So.2d 151,158 (Fla. 1st DCA 1995))); Harvey E. Morse, P.A. v. Clark, 890 So.2d 496, 497 (Fla. 5th DCA 2004) (same); Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1049 (Fla. 5th DCA 2004) (same). Accordingly, we grant the petition for certiorari, quash the order under review, and remand this ease for a full evidentiary hearing.
Petition for Writ of Certiorari GRANTED; Order QUASHED; and case REMANDED.
SAWAYA, ORFINGER, and LAWSON, JJ., concur.