# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.

_____

No. 3D20-1046
Lower Tribunal No. 14-11755

_____

**1000 Brickell, Ltd., etc.,**
Appellant,

vs.

**City of Miami,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Duane Morris LLP, and Scott D. Kravetz and Richard D. Shane, for appellant.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for appellee.

Before EMAS, GORDO and BOKOR, JJ.

EMAS, J.

We deny appellee's motion for rehearing, but withdraw our previous opinion and substitute the following opinion in its stead.

**INTRODUCTION**

1000 Brickell, Ltd. f/k/a 1000 Brickell, Inc. ("1000 Brickell"), the plaintiff below, appeals a final summary judgment in favor of the City of Miami on its claims against the City related to property deeded in 1974 by 1000 Brickell's predecessor, which property was to be used for public park purposes. For the reasons that follow, we reverse in part[1] the final summary judgment, because it was entered upon an erroneous construction and application of section 95.36, Florida Statutes (1974).

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1974, Allen Morris, through his company, 1000 Brickell, deeded the subject property ("the Property") to the City. The deed granted the City a fee simple interest in the Property but, importantly, also contained an automatic reverter clause which provided:

> [I]f any part of the property herein conveyed shall ever be used for any purpose other than public park purposes, the estate hereby granted to the grantee **shall automatically and**

---

[1] We reverse the trial court's final summary judgment on counts I and II of the operative complaint. However, we affirm without further discussion that portion of the final judgment which entered judgment in favor of the City on counts III and IV of the operative complaint.

2

**immediately terminate, and all right, title and interest in and to such property shall thereupon revert to the grantor**.[2]

(Emphasis added).

The City began using the Property as intended, and it became known as the Allen Morris Brickell Park. In 1999, the City requested permission to use a portion of the Property for outdoor seating of a neighboring restaurant. 1000 Brickell gave its consent to the City for this limited use of a portion of the Property. However, according to the allegations of 1000 Brickell's lawsuit, the City later violated the terms of this consent agreement by unilaterally allowing the restaurant to drastically expand its footprint and erect significant permanent improvements, appropriating substantially more of the Property for its exclusive private use.

1000 Brickell filed the instant lawsuit, asserting that, under the express language of the deed, the fee simple estate terminated "automatically and immediately" and "all right, title and interest in and to" the Property reverted to the grantor, 1000 Brickell.

---

[2] The deed defined the terms "grantor" and "grantee" to include the parties to the instrument and "heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations."

The City moved for summary judgment, arguing, inter alia, that section 95.36(1), Florida Statutes (1974)[3] barred 1000 Brickell's lawsuit, because the deed was executed more than thirty years before the filing of the complaint and that, pursuant to the language of the statute, 1000 Brickell's rights had terminated. Section 95.36(1) provides:

> It is hereby declared to be in the best interest of the public that ancient **dedications of lands** to municipalities for park purposes for a period of thirty years or more shall not hereafter be disturbed or challenged in law or in equity by the original dedicator, his heirs or assigns, or any other person in cases in which such lands have been put to some municipal use during the period of dedication or have been conveyed by the municipality for a period of at least seven years by a deed recorded in the public records for that period of time. Accordingly, the legislature hereby declares such suits in law or equity shall not be maintained in any court in this state, and all rights of said ancient dedicator and all other persons are terminated and declared null and void.

(Emphasis added).

**DISCUSSION AND ANALYSIS**

Read in a vacuum, the City's contention—that this statute precludes the instant claim to a reversionary interest after thirty years—might appear to have merit. However, when read in light of the various types of property

---

[3] It is undisputed that the 1974 version of the statute is the applicable version in this case.

conveyance methods recognized by the common law,[4] it is clear that section 95.36(1) is inapplicable, as the instant conveyance does not involve a "dedication of land," but rather a fee simple conveyance with an automatic reverter clause. Indeed, a more specific statutory provision—section 689.18, Florida Statutes (1974)—addresses time limitations on claims based upon reverter provisions in fee simple conveyances of real property. That statute—rather than section 95.36(1)—applies to the instant conveyance and dictates the result in this case.

### Section 95.36(1) and the Common Law of Dedications to Municipalities for a Public Purpose

By its plain language, section 95.36(1)'s application is limited to "ancient dedications of lands to municipalities for park purposes." The dedication of property by a grantor to a municipality for a public purpose existed at common law, and today property may still be conveyed either by statute or under common law for a specified purpose, which must be adhered to by the municipality. See e.g., City of Miami Beach v. Miami Beach Imp.

---

[4] The common law is still in effect in Florida today, except where it has been repealed or substituted by statute. See Richardson v. Holman, 33 So. 2d 641 (Fla. 1948). See also § 2.01, Fla. Stat. (2022) ("The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state.")

Co., 14 So. 2d 172, 175 (Fla. 1943) (holding: "The courts of Florida have defined a common law dedication as a setting apart of land for public use, and to constitute such a dedication there must be an intention by the owner clearly indicated by his words or act to dedicate the land to the public use").

Importantly, however, a dedication of land to a municipality is not the same as a fee simple conveyance of real property because, generally, a dedication is simply an easement for public use, entrusted to the municipality with the fee simple title remaining with the grantor. See City of Palmetto v. Katsch, 98 So. 352 (Fla. 1923); City of Miami v. Florida E. Coast Ry. Co., 84 So. 726, 729 (Fla. 1920); Lehmann v. Cocoanut Bayou Assoc., Inc., 269 So. 3d 599 (Fla. 2d DCA 2019); Brevard Cty. v. Blasky, 875 So. 2d 6 (Fla. 5th DCA 2004); Bishop v. Nussbaum, 175 So. 2d 231 (Fla. 2d DCA 1965); §95.361, Fla. Stat. (1974); John S. Burton and Herbert J. Jones, Dedication: Rights Under Misuser and Alienation of Lands Dedicated for Specific Municipal Purposes, 7 Univ. of Fla. L. Rev. 82, 83 (1954) ("Acceptance of a common law dedication does not pass the fee in land. The interest acquired by the municipality is generally held to be in the nature of an easement, with the public having a right of use and nothing more. The dedicator retains the fee simple title, and it is subject to the easement only as long as there is compliance with the terms of the dedication.")

6

Conversely, when a grantor conveys property in fee simple to a municipality, with a deed restriction which requires the property to be used for public park purposes, the City holds a fee simple determinable estate which terminates automatically upon the happening of a specified event, e.g., where the property ceases to be used for public park purposes. John N. Redding, Florida Real Property Sales Transactions: Title Considerations, Ch. 11 (Fla. Bar CLE 10th ed. 2020). See also Hurd v. Becker, 165 So. 2d 420, 422 (Fla. 3d DCA 1964), quashed on other grounds, 173 So. 2d 141 (Fla. 1965) (observing that where the estate conveyed is a fee simple determinable, "the estate automatically expires upon the occurrence of a stated event"). This estate interest is sometimes referred to as a fee simple subject to an automatic reverter.

It cannot be disputed that what was conveyed by the 1974 deed at issue was a fee simple determinable estate, subject to the restriction that it be used as a public park, and that, if the Property ceased to be used as such, it would automatically revert to the grantor and/or his successor. Thus, the time limitation contained in section 95.36(1) is simply inapplicable, since that statute, by its terms, applies to "dedications of land."

7

## Section 689.18 and the Instant Conveyance

Indeed, there is another, more specific, statutory provision which controls the outcome of this case. Section 689.18 addresses time limitations on claims based upon reverter provisions in fee simple conveyances of real property. That statute provides in pertinent part:

**689.18. Reverter or forfeiture provisions, limitations; exceptions**

(1) It is hereby declared by the Legislature of the state that reverter or forfeiture provisions of unlimited duration in the conveyance of real estate or any interest therein in the state constitute an unreasonable restraint on alienation and are contrary to the public policy of the state.

(2) All reverter or forfeiture provisions of unlimited duration embodied in any plat or deed executed more than 21 years prior to the passage of this law conveying real estate or any interest therein in the state, be and the same are hereby canceled and annulled and declared to be of no further force and effect.

(3) All reverter provisions in any conveyance of real estate or any interest therein in the state, now in force, shall cease and terminate and become null, void, and unenforceable 21 years from the date of the conveyance embodying such reverter or forfeiture provision.

**(4) No reverter or forfeiture provision contained in any deed conveying real estate or any interest therein in the state, executed on and after July 1, 1951, shall be valid and binding more than 21 years from the date of such deed, and upon the expiration of such period of 21 years, the reverter or forfeiture provision shall become null, void, and unenforceable.**

***(5) Any and all conveyances of real property in this state heretofore or hereafter made to any governmental,***

8

***educational, literary, scientific, religious, public utility, public transportation, charitable or nonprofit corporation or association are hereby excepted from the provisions of this section.***

While the Legislature has thus made it clear that a reverter provision contained in a deed conveying real estate in Florida is deemed "null, void and unenforceable" after twenty-one years,[5] certain conveyances were expressly excepted from its scope: "Any and all conveyances of real property in this state heretofore or hereafter made to any governmental, educational, literary, scientific, religious, public utility, public transportation, charitable or nonprofit corporation or association."  § 689.18(5), Fla. Stat.

By this exception, the Legislature has permitted Florida to continue adhering to the common law that reverter provisions contained in fee simple conveyances of real property by a municipality may be of unlimited duration, encouraging philanthropic grantors to convey their real property to be used for a public purpose without concern that the reverter provision will be rendered unenforceable twenty-one years later.

The City's position would require this court to accept that the Florida Legislature intentionally crafted two statutes which are in conflict with one

---

[5] By passing this provision in 1951, the Florida Legislature modified the common law, which excepted possibilities of reverter from the rule against perpetuities. John N. Redding, <u>Florida Real Property Sales Transactions</u>: <u>Title Considerations</u>, Ch. 11 (Fla. Bar CLE 10th ed. 2020).

9

another: one law (§ 95.36(1)) gives the grantor thirty years to file suit against a grantee who violates the terms of an ancient dedication of land with restrictions; while another (§ 689.18) gives the grantor only twenty-one years to do so. One of the basic principles of statutory construction is that a court "should avoid a construction which places in conflict statutes which cover the same general field." City of Boca Raton v. Gidman, 440 So. 2d 1277, 1282 (Fla. 1983) (also holding that statutes should be construed so as to avoid an absurd result). Indeed, the City's proposed construction, taken to its logical conclusion, would mean that although the Legislature plainly expressed its intent to exempt conveyances to a municipality from the application of the twenty-one-year limitation on actions, it simultaneously allowed for that same municipality to obtain fee simple absolute title after thirty years, irrespective of any restriction imposed by the grantor.

Second, even if we were to find merit in the City's construction—resulting in a conflict between these two statutory provisions—the Florida Supreme Court has consistently applied the canon of statutory construction that where two statutes appear to be in conflict, "a specific statute will control over a general statute." Florida Virtual Sch. v. K12, Inc., 148 So. 3d 97, 102 (Fla. 2014). Applying that canon here, the more specific statute—section 689.18, which specifically addresses reverter clauses—would control over

10

the more general provision contained in section 95.36, thus leading us to the same result.[6]

## CONCLUSION

We hold that the deed executed by 1000 Brickell in favor of the City of Miami was a fee simple conveyance with an automatic reverter clause, and that section 95.36(1) is inapplicable to that deed. The trial court erred in applying the time limitations contained in that section and in granting summary judgment in favor of the City, on that basis, as to counts I and II of the operative complaint. Instead, the applicable statutory provision is found in section 689.18, Florida Statutes, which also contains time limitations but which expressly exempts, from those time limitations, conveyances of real property made to a governmental entity.

We therefore reverse the trial court's final summary judgment in favor of the City on counts I and II of the operative complaint, and remand this cause for further proceedings consistent with this opinion.

---

[6] Of course, because we have concluded the two statutes are not in conflict, we need not apply this canon of statutory construction. See DMB Inv. Tr. v. Islamorada, 225 So. 3d 312, 317 (Fla. 3d DCA 2017).