476 So.2d 746 (1985)
Fleur C. VAN PELT, Appellant,
v.
ESTATE OF Edmund G. CLARKE, Appellee.
No. BA-495.
District Court of Appeal of Florida, First District.
October 8, 1985.
Rehearing Denied October 31, 1985.
Bernard D. Sommers, Maitland, for appellant.
Carl M. Stewart of Ulmer, Murchison, Ashby, Taylor & Corrigan, Jacksonville, Frank B. Metcalf, Orange Park, for appellee.
MILLS, Judge.
Van Pelt appeals from an order denying her motion seeking a ruling by the court that she has a vested remainder interest in certain real property. She contends the trial court erred in ruling the quitclaim *747 deed she executed, along with her husband, relinquished her interest in the property. We agree and reverse.
Edmund and Maude Clarke acquired title to certain real property herein referred to as the Clay County property. During their marriage they had one child, Fleur Van Pelt. After Maude's death, Edmund Clarke married Enid and together they lived on the Clay County property which was homestead property.
In 1950, Van Pelt, joined by her husband, executed a quitclaim deed to the Clay County property in favor of her father and Enid Clarke, which contained the following language: "The purpose of this quitclaim deed is to relinquish any claim or interest in the above described homestead property." At no time has Van Pelt resided on or held any title to the property.
After her father's death and upon discovering his will contained no specific devise of the Clay County property, Van Pelt filed a motion to determine its status, contending it should descend pursuant to Section 732.401(1), Florida Statutes (1983), which provides for the descent of homestead property where the decedent is survived by both a spouse and lineal descendants. This statute states the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death. However, the trial court determined that the quitclaim deed executed by Van Pelt conveyed whatever interest she may have had in the property and, accordingly, found Enid Clarke the sole owner in fee simple.
"It is well established that the execution of a quitclaim deed, without more, does not necessarily import that the grantor possesses any interest at all and if the grantor had no interest in the land described at the time of conveyance, the quitclaim conveys nothing to the grantee." Miami Holding Corp. v. Matthews, 311 So.2d 802, 803 (Fla. 3d DCA 1975). This is precisely the case here. At the time the quitclaim deed was executed, Van Pelt held absolutely no interest in the property and, therefore, the quitclaim deed could have in no way effectively conveyed the interest she acquired upon her father's death.
While it is true a quitclaim deed may be used to transfer an inchoate or incomplete interest, that interest must be in existence at the time the deed is executed. Moreover, a mere quitclaim or release by deed is not an estoppel upon the releasor as to any after-acquired interest. Murray v. Newsome, 111 Fla. 193, 149 So. 387 (1933).
Accordingly, we reverse with directions to enter an order granting Enid Clarke a life estate and Fleur Van Pelt a vested remainder in the Clay County property.
SMITH and THOMPSON, JJ., concur.