651 So.2d 246 (1995)
Grace D. ASHBY, Appellant,
v.
Sharron S. ASHBY, individually, etc., Appellee.
No. 94-0740.
District Court of Appeal of Florida, Fourth District.
March 8, 1995.
*247 Reed Bryan of Law Office of Reed A. Bryan, Fort Lauderdale, for appellant.
Joseph A. Hubert, Fort Lauderdale, for appellee.
STEVENSON, Judge.
This is an appeal from a final order of summary judgment where the trial court found that there was no valid consideration for an agreement entitling appellant, Grace Ashby, to $25,000 from her former husband's estate. Both appellant and the deceased's estate moved for summary judgment in the trial court below and maintained in this appeal that the issue should be decided, one way or the other, as a matter of law. Because we find that, as a matter of law, the agreement was supported by valid consideration, we reverse.
The facts can be briefly summarized. Appellant and the deceased, Kenneth Ashby, entered into a property settlement agreement in contemplation of their impending divorce. The settlement agreement provided that the deceased was to pay appellant $250,000 "tax free," secured by a mortgage deed. In return, appellant agreed to release the deceased from any other obligations that might flow from the divorce.
Subsequently, the deceased paid the $250,000 to appellant and sought a satisfaction of the mortgage. Appellant, however, was unconvinced that there would be no income taxes due on the $250,000. She escrowed a conditional satisfaction of the mortgage which required the deceased to either (a) prove that there were no income taxes due on the $250,000 or (b) pay the taxes if they were due. The deceased consulted with a certified public accountant but the accountant was unable to verify that no income taxes would be due. The parties then entered into a new agreement whereby the deceased agreed to leave appellant $25,000 in his will. As security, he provided a conditional collateral promissory note collectible from his estate after his death if he failed to make the $25,000 bequest. In return, appellant agreed to unconditionally release the satisfaction, thereby clearing the lien on the property. The $25,000 promissory note is at issue in the instant appeal.
The estate bases its argument that there was no consideration for the $25,000 promissory note on the legal principle that performance of a pre-existing duty does not amount to consideration necessary to support a new contract. While we agree with the estate's statement of the law, we find the principle inapplicable to this case. The estate overlooks the fact that appellant was not required to perform her part of the contract  satisfaction of the mortgage  until the deceased performed his  the payment of $250,000 "tax free." Because the deceased did not show that he had fully performed his obligations under the contract, appellant was not obligated to tender her full performance. Therefore, appellant's subsequent agreement to release the satisfaction of the mortgage constituted ample consideration for the $25,000 promissory note.
It is axiomatic that a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do. Bayshore Royal Co. v. Doran Jason Co. of Tampa, Inc., 480 So.2d 651 (Fla. 2d DCA 1985). The deceased never established that he had satisfied his part of the original bargain so as to trigger appellant's obligation to provide an unconditional satisfaction. See Seaside Community Dev. Corp. v. Edwards, 573 So.2d 142, 145 (Fla. 1st DCA 1991) ("When the happening of a condition precedent is an element of a contract, no recovery can be had with regard to performance of the contract absent substantial compliance with the condition precedent."). We find that the consideration supporting the deceased's execution of the promissory note consisted of appellant's unconditional satisfaction of the mortgage.
Accordingly, the judgment is reversed and the case remanded with directions that the trial court enter summary judgment in favor of appellant.
REVERSED AND REMANDED.
FARMER and KLEIN, JJ., concur.