851 So.2d 843 (2003)
Rosie C. DIAZ, Appellant,
v.
Edward C. ROOD, Appellee.
No. 2D02-1156.
District Court of Appeal of Florida, Second District.
August 8, 2003.
*844 Peter J. Kelly and Gregory M. McCoskey of Glenn Rasmussen Fogarty & Hooker, P.A., Tampa, for Appellant.
Steven L. Hearn and Tae Kelley Bronner of Steven L. Hearn, P.A., Tampa, for Appellee.
CASANUEVA, Judge.
Rosie C. Diaz appeals the final summary judgment entered against her in her suit *845 to enforce a predivorce assignment received from her husband at the time, Edward C. Rood. We reverse for further review using the correct standard.

FACTUAL BACKGROUND
This case originated in the turbulence created by a marriage that ultimately was to crash. The parties were married in 1977. The years that followed subjected the marriage to numerous challenges including financial difficulties, the husband's infidelities, and professional problems that eventually led to the husband's disbarment from the practice of law. In August 1994, the parties separated and the husband left the marital home. They sought marital counseling and resumed living together. This effort at reconciliation failed, and he again removed himself from the marital home. Nevertheless, marital counseling continued during this period.
During their second separation, the husband suggested to his wife that he assign her a portion of the inheritance he expected to receive from his father's estate upon his father's death. In 1995, the wife's counsel drafted such an assignment and the parties executed it. In this document the husband assigned to his wife fifty percent of any future inheritance he would receive from his father's estate.[1] Following this, the parties reconciled, and the husband returned to live in the marital home. Despite all efforts, this reconciliation also failed, and Ms. Diaz eventually filed for dissolution. A final judgment of dissolution incorporating a marital settlement agreement that the parties had executed was entered on April 4, 1996. The marital settlement agreement made no specific reference to the earlier assignment.
In 2001, Mr. Rood's father died, but Mr. Rood refused to give any portion of his inheritance to Ms. Diaz under the assignment. Ultimately, she filed the civil action seeking to enforce the assignment, which resulted in the final summary judgment now on appeal.

DISCUSSION
Mr. Rood challenged enforcement of the assignment primarily on the grounds that it was void for lack of consideration and that it was not fairly obtained. The final summary judgment referenced an earlier court order granting Mr. Rood's motion for summary judgment that stated, "[T]his court finds that there exists no genuine issue as to any material fact regarding the absence of fair and sufficient consideration from plaintiff, Rosie C. Diaz to defendant Edward C. Rood for the purported assignment...." We reverse because we find that the trial court applied an incorrect legal standard in determining whether sufficient consideration existed to support the assignment.
The possibility that a person will inherit property from an ancestor is but an expectancy and not an interest in property. While a descendant may expect or hope to inherit, neither a present nor future interest in property actually exists in the absence of a conveyance. This does not, however, taint the assignment. The case of Richardson v. Holman, 160 Fla. 65, 33 So.2d 641 (1948), is often cited for the proposition that an expectancy may be assigned. In Richardson, our supreme court considered the assignability of a right of reverter retained in a warranty deed and held that the "possibility of reverter is an uncertain interest in land that may under *846 our law be conveyed or devised, regardless of what the common law rule was." Id. at 644. In reaching this conclusion, the court noted the historical reality that
the right of contract so rigidly canalized by the common law, has, by the constitution and statutes, been liberalized till at the present any citizen who is sui juris may enter into any contract that is not illegal, fraudulent, immoral or contrary to public policy. Under the common law a right of action, choses in action, future or contingent interests, possible and existing estates or interests, were not assignable, but all of these are now assignable by statute or in equity. In view of the law as thus reflected in this state, we see no escape from this conclusion.
Id. Although at common law Mr. Rood could not have made this assignment, now his expectancy may legally be the subject of an assignment.
Courts use a two-part analysis in determining whether an assignment of a prospective heir's expectancy interest can be upheld. The first part of the test analyzes whether the assignment was supported by sufficient or adequate consideration; the second, whether the assignment was fairly obtained or fairly entered into. See In Re: Rosin, 248 B.R. 625, 633 (Bankr.M.D.Fla.1998). The standard the trial court set forth in its order granting Mr. Rood's motion for summary judgment  "fair and sufficient consideration"  was incorrect as it improperly commingled the two considerations into one.
The first step requires the court to focus solely upon the element of consideration and whether consideration exists. It is clear that "a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do." Ashby v. Ashby, 651 So.2d 246, 247 (Fla. 4th DCA 1995) (citing Bayshore Royal Co. v. Doran Jason Co. of Tampa, Inc., 480 So.2d 651 (Fla. 2d DCA 1985)). To conclude that consideration is fair or unfair, rather than merely extant, is not the proper province of the court. The second determination  whether the assignment was fairly entered into  should focus on the facts surrounding the document's execution. There may be allegations or proof of fraud, duress, or breach of fiduciary relationship and the like for the court to evaluate.
On remand, the court shall separately address the two parts of this inquiry in its redetermination of the parties' respective motions for summary judgment.
Reversed and remanded for further proceedings.
FULMER and CANADY, JJ., concur.
NOTES
[1] This document also recited that it was made for "good and valuable considerations," of which receipt was acknowledged, and was not made as collateral security for any loan but was an outright sale and assignment and was "not subject to redemption or recision."