929 So.2d 566 (2006)
Loris G. PALM as Personal Representative of the Estate of Melvin C. Palm, & Suncoast Septic Tank, Inc., Appellants,
v.
Randy L. TAYLOR & Andrew Puszkar, Appellees.
No. 2D05-3524.
District Court of Appeal of Florida, Second District.
April 12, 2006.
Rehearing Denied June 2, 2006.
Robert L. Moore of Kanetsky, Moore & Deboer, P.A., Venice, for Appellants.
*567 Robert C. Anderson of Hall & Anderson, P.A., Venice, for Appellees.
CASANUEVA, Judge.
Defendants Loris G. Palm and Suncoast Septic Tank, Inc., appeal from a final judgment finding in favor of Plaintiffs Randy L. Taylor and Andrew Puszkar in their action for conversion of fill dirt. In its written judgment following the nonjury trial, the trial court granted the defendants' motion for directed verdict as to a civil theft count. The court also granted Taylor and Puszkar's motion to amend the pleadings to conform to the evidence and permitted reformation of a deed relating to the real property that is the subject of this lawsuit. The trial court erred when it did so, because amendment of the pleadings to add a new cause of action was not appropriate at the end stage of this particular lawsuit. Furthermore, reformation of a deed is invalid in an action in which the grantor and subsequent grantees are not joined. We reverse and remand for a new trial.
This controversy concerns the rights to mine fill dirt from property in which plaintiffs Randy Taylor and Andrew Puszkar and defendant Melvin C. Palm all claimed some interest. Palm, Taylor, Puszkar owned all of the shares of a corporation known as Magnum Excavating, Inc. The corporation owned certain property in the Terra Del Sol subdivision in Sarasota County for the sole purpose of mining it for fill dirt and creating a lake. In 1999, Palm, Taylor, and Puszkar signed a quitclaim deed that purportedly conveyed the property from "Magnum Excavation, Inc." to the three parties individually. Each person signed only in his individual capacity; there was no designation of any person as a corporate officer. Furthermore, no consideration was given for the transfer. Other irregularities occurred, including the fact that the deed was not signed in front of the subscribing witnesses nor acknowledged before the notary public.
A few months after the quitclaim conveyance, Palm entered into an oral contract with Taylor and Puszkar that permitted Palm and his company, Suncoast Septic Tank, to mine the real property in exchange for payment of a royalty of fifty cents per cubic yard to the "owners." Although the contract was later reduced to writing and signed by Palm and Taylor, Puszkar never signed it. And, in fact, within a few weeks of entering the contract, Puszkar and Taylor notified Palm and Suncoast that they revoked their verbal agreement and demanded that all mining operations cease. Palm, believing that their contract was valid, refused to stop the mining. Taylor and Puszkar then sued Palm and Suncoast for numerous claims, which were reduced to actions for conversion and civil theft by the time of the trial.
In the earlier stages of this lawsuit, Palm and Suncoast filed a third-party complaint against Magnum Excavating, Inc., seeking reformation of the deed in order to clarify that Palm, Taylor, and Puszkar were the actual owners of the property. When Magnum Excavating defaulted, Taylor and Puszkar, as corporate officers, moved to vacate the default and asserted the allegedly meritorious defense to reformation that the wrong corporate name appears as the grantor and that neither Palm nor the plaintiffs signed in their corporate capacity. Furthermore, the plaintiffs contended that the court should not reform a wild deed by adding a corporate grantor or supplying witnesses and proper notarization. Based upon these arguments, the court vacated the default.
In a subsequent transaction, Magnum Excavating, Inc., through its officer Randy L. Taylor, transferred the property to *568 K.M.A. Mining, Inc., for consideration of $300,000. Magnum's attorney then persuaded the defendants that the deed had been reformed by all interested persons and that the property had been sold. She asked that Palm and Taylor dismiss their third-party complaint, and they did so.
We have recited this tortured history to highlight why allowing amendment of the pleadings to permit reformation of the deed was inappropriate in this unique case. The defendants opposed reformation on the ground that, because the property was owned by Magnum Excavating, the corporate shareholders had no standing to bring an action for conversion or civil theft against Palm and Suncoast. When Palm and Suncoast dismissed their third-party complaint, defendant Palm did so knowing that he had never signed the deed conveying the Magnum property to K.M.A. Mining. This indicated  at least to Palm  that the plaintiffs themselves obviously considered the title to be in the corporate entity and not in the individuals. During trial, however, it became apparent that the individual plaintiffs could not legally prevail on their conversion or theft theories unless they were owners of the property. Allowing amendment of the pleadings to permit reformation at the end of the trial severely prejudiced Palm's and Suncoast's defenses.
Amending a complaint during trial to assert a new cause of action generally should not be permitted over objection. See Freshwater v. Vetter, 511 So.2d 1114 (Fla. 2d DCA 1987). Here, in light of Magnum Excavating's defense to the third-party complaint filed by Palm and Suncoast, permitting a reformation action was not only material to the lawsuit but also unfairly surprised and prejudiced the defendants. We acknowledge the policy in favor of allowing liberal amendments of pleadings as expressed in Florida Rule of Civil Procedure 1.190(b); but "[t]his liberality in granting leave to amend diminishes. . . as the case progresses to trial." Ohio Cas. Ins. Co. v. MRK Constr., Inc., 602 So.2d 976, 978 (Fla. 2d DCA 1992). As in Ohio Casualty, Palm and Suncoast had a valid defense to the claims for conversion and grand theft; after the amendment, those defenses vanished. Thus, the trial court abused its discretion in permitting the amendment.
Furthermore, reformation of the deed was not permissible as a matter of law in this procedural context. The original grantor  Magnum Excavating  was not before the court, nor were any subsequent grantees  including K.M.A. Mining. These are necessary parties in an action to reform a deed. See Chanrai Invs., Inc. v. Clement, 566 So.2d 838 (Fla. 5th DCA 1990). The purpose of this policy is to discourage piecemeal litigation:
The rule is well established in Florida that in a suit to reform a written instrument, all persons interested in the subject matter of the litigation, whether their interest be legal or equitable, should be made parties, so that the court may settle all rights at once thereby preventing a multiplicity of suits.
Bevis Constr. Co. v. Grace, 115 So.2d 84, 85 (Fla. 1st DCA 1959). The court's ruling had the effect of divesting K.M.A. Mining or subsequent grantees of whatever interest they might have in the property, see Antonelli v. Smith, 556 So.2d 1132 (Fla. 3d DCA 1989), and further resort to the courts might be needed to resolve the situation.
Accordingly, we reverse the final judgment and remand for a new trial.
STRINGER and SILBERMAN, JJ., Concur.