936 So.2d 52 (2006)
Frank Michael FINI, individually and as parent and next friend of Frank Michael Fini, Jr. and Adrianna Marie Fini, minors, Olivia Jean Fini, as his wife and parent and next friend of Frank Michael Fini, Jr., and Adrianna Marie Fini, minors, Frank Michael Fini, Jr., as minor, by and through his parents and next friend and Adrianna Fini, a minor, by and through her parents and next friend, Appellants,
v.
Stephen GLASCOE, Sawgrass Ford, Inc., a Florida corporation, GNU Industries, Inc., a Florida corporation and Wayne Akers Ford, Inc., a Florida corporation, Appellees.
No. 4D05-4096.
District Court of Appeal of Florida, Fourth District.
August 2, 2006.
*53 Marlene S. Reiss of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, P.A., Miami, for appellants.
Barbra A. Stern of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for appellee Wayne Akers Ford, Inc.
Thomas W. Paradise and Joseph R. Gibson of Vernis & Bowling of Broward, P.A., Fort Lauderdale, for appellees Sawgrass Ford, Inc. and Stephen Glascoe.
WARNER, J.
Appellants, Frank and Olivia Fini, appeal a final summary judgment entered in favor of Sawgrass Ford and its employee Stephen Glascoe in the Finis' negligence action which alleged negligence in the installation of a vehicle alarm system. The complaint alleged that the negligently installed alarm system created an acceleration problem in the Finis' vehicle, which caused the vehicle to crash and resulted in serious injuries to Frank Fini. The complaint also alleged claims for spoliation of evidence against the defendants. While the trial court correctly granted summary judgment on the first-party spoliation claims, it erred in granting summary judgment on the negligence claims, as there were material issues of fact remaining. Furthermore, the Finis may be entitled to a Valcin presumption of negligence if the defendants are found to have destroyed evidence.
The Finis brought suit against Glascoe, Sawgrass Ford, Wayne Akers Ford, and the manufacturer of the alarm system installed in their vehicle. The complaint alleges various causes of action against Glascoe and Sawgrass Ford, including claims for negligence and spoliation of evidence. The causes of action in the complaint against Wayne Akers Ford and the manufacturer of the alarm system are not relevant to this appeal.
The complaint filed by the Finis alleged a most unusual set of circumstances surrounding their acquisition of a Ford truck and the subsequent accident involving the truck. The Finis leased a new 2001 Ford F350 diesel truck from Sawgrass Ford. Stephen Glascoe, an employee of Sawgrass Ford, installed an alarm system for the vehicle. After the system was installed, the Finis began to experience problems with the vehicle. At random times when the alarm system was engaged, the horn would blow, the power windows would operate without input, and the lights of the car would flash without input. Occasionally the engine would accelerate while the transmission was in park or neutral. They attempted to have the system repaired by Sawgrass Ford, but the attempts to diagnose and repair the problem were without success.
A few months later, the turbocharger on the truck failed. At the suggestion of Glascoe, the Finis took the vehicle to Wayne Akers Ford for repair of the turbocharger. Later, Wayne Akers Ford returned the repaired truck to Mr. Fini, claiming that the engine acceleration problem was caused by the turbocharger failure and that it should no longer malfunction. Despite the reassurances from Wayne Akers, the system continued to occasionally malfunction in the same manner.
On August 29, 2001, as Mr. Fini was driving on the Florida Turnpike, his truck accelerated suddenly and uncontrollably. He lost control of the vehicle, which flipped and rolled several times before landing on its hood. As a result of the accident, he suffered various injuries.
After the accident, the Ford F350 was towed to an impound lot that was maintained by the Florida Highway Patrol. The day after the accident, Glascoe traveled *54 to the impound lot, climbed the fence, and entered the premises without the knowledge of FHP. According to the complaint, while in the course and scope of his employment with Sawgrass, Glascoe entered the F350 and destroyed evidence of the installation of the alarm system. Glascoe removed the dashboard and harness cover with a pry bar and destroyed the system wiring, which, according to the plaintiffs, was integrated into the electronic fuel system. Further, Glascoe disconnected the system's "brain" and the receiver/tuner from the stereo system. In Glascoe's response to the plaintiffs' request for admissions, Glascoe admitted that he entered the F350 after the accident, but denied the remainder of the allegations.
Glascoe and Sawgrass Ford moved for summary judgment, contending that there was no evidence within the record to establish any genuine issue of material fact. In support of their motion for summary judgment, Glascoe and Sawgrass Ford adopted an expert affidavit that had been previously filed by the manufacturer of the alarm system. The expert affidavit was unrefuted and established that a properly installed alarm system could not cause the vehicle to accelerate.
In response to the motion for summary judgment filed by Glascoe and Sawgrass Ford, the plaintiffs filed the affidavit of a witness who claimed that he overheard Glascoe say the following to his wife: "I just took care of all that. I just took every single wire traceable to that alarm out. You cannot even tell that the alarm was ever there. They will never be able to prove that the alarm caused this, so me and Sawgrass' asses are covered." The trial court entered final summary judgment in favor of Glascoe and Sawgrass Ford, prompting this appeal.[1]
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 997 (Fla. 4th DCA 2004). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
We agree with the defendants that an independent cause of action does not exist for first-party spoliation of evidence under Florida law. See Martino v. Wal-Mart Stores, Inc., 908 So.2d 342 (Fla. 2005). In Martino, the supreme court explained the distinction between first-party spoliation and third-party spoliation as follows:
First-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's injuries or damages. These actions are contrasted with third-party spoliation claims, which occur *55 when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action.
Id. at 346 n. 2.
In rejecting an independent action for first-party spoliation, the supreme court made clear that sanctions and a presumption of negligence, rather than an independent cause of action, were the appropriate remedies for first-party spoliation. Id. at 347. Relying on Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987), the court explained that where the first-party intentionally loses, misplaces, or destroys evidence, trial courts are to rely on sanctions found in Florida Rule of Civil Procedure 1.380(b)(2) and a jury inference of negligence from a finding of intentional destruction. Id. at 346. However, where the spoliation of evidence was merely negligent, a presumption of negligence applies. Id. at 347.
Based on the plaintiffs' allegations in this case, Glascoe and Sawgrass Ford are "first-party" spoliators because they were alleged to be tortfeasors in the underlying causes of action arising out of the automobile accident. Therefore, based on Martino, the trial court properly entered summary judgment to the extent that the plaintiffs' complaint alleged causes of action for first-party spoliation.
However, our analysis does not end there. The defendants did not meet their burden of showing conclusively the complete absence of any genuine issue of material fact. In moving for summary judgment, it was the burden of the defendants to show that even an improperly installed alarm system could not have caused the vehicle to accelerate. There is no record evidence that an improperly installed alarm system could not have caused the truck to suddenly accelerate. Moreover, the plaintiffs have alleged facts which, if believed, would show that the defendants deprived them of key evidence. Indeed, the plaintiffs alleged that Glascoe, acting in the scope of his employment, intentionally destroyed the evidence that they would have needed to prove that the defendants improperly installed the alarm system and that the manner of installation caused the acceleration problem in this case.
Although the trial court correctly granted summary judgment as to the plaintiffs' claims for first-party spoliation, which is adequately remedied through sanctions or a Valcin presumption of negligence, there remain genuine issues of material fact precluding summary judgment as to the remainder of the plaintiffs' claims against Glascoe and Sawgrass Ford. We therefore affirm the final summary judgment in part, but reverse for further proceedings on the causes of action other than first-party spoliation.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
GROSS and HAZOURI, JJ., concur.
NOTES
[1] The plaintiffs do not raise any argument on appeal against the propriety of the final summary judgment entered in favor of Wayne Akers Ford, and we deem the plaintiffs' appeal abandoned as to Wayne Akers Ford. See Dep't of Highway Safety & Motor Vehicles v. Fraser, 673 So.2d 570, 571 (Fla. 4th DCA 1996).