974 So.2d 539 (2008)
Anthony McKOY and Paulette R. McKay, Appellants,
v.
Michael DeSILVIO, Personal Representative of the Estate of William J. Hayes, Appellee.
No. 2D06-4531.
District Court of Appeal of Florida, Second District.
February 8, 2008.
Richard P. Caton of Williamson, Diamond & Caton, P.A., Seminole, for Appellants.
Jerry Kahn of Law Office of Jerry Kahn, Miami Beach, for Appellee.
NORTHCUTT, Chief Judge.
As personal representative for the estate of William J. Hayes, Michael DeSilvio filed a quiet title suit attacking two quit-claim deeds purporting to transfer interests in a parcel of real property owned by Hayes at the time of his death.[1] The quitclaim deeds were executed by two of Hayes's sisters, Eileen Earnshaw and *540 Catherine Herron, and the deeds transferred any interest they had in the property to Anthony and Paulette McKoy. The McKoys now appeal an adverse summary judgment that declared the deeds void. We affirm as to one deed and reverse as to the other.
Both deeds recited "consideration of the sum of $1.00 and other good and valuable consideration." In the quiet title action, DeSilvio alleged that the deeds failed for lack of consideration. There were disputed issues of material fact on this issue. See Diaz v. Rood, 851 So.2d 843, 846 (Fla. 2d DCA 2003) (stating that "a promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do") (citations omitted). Notwithstanding, the circuit court ruled that the deeds were void due to a lack of consideration. In granting DeSilvio's motion for summary judgment on this ground, the circuit court erred. See Fla. R. Civ. P. 1.510(c) (directing that summary judgment shall be granted only when the record evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); see also Hell v. Talcott, 191 So.2d 40 (Fla.1966). Accordingly, we reverse on this point:
Our reversal affects only the Herron deed, however, because the Earnshaw deed suffers from an additional deficiency. As alleged in DeSilvio's motion for summary judgment, the Earnshaw deed contained the signature of only one subscribing witness. As to this deed, the summary judgment was also based on the undisputed fact that the deed was not signed by the requisite number of subscribing witnesses. See § 689.01, Fla. Stat. (2003) (requiring presence of two subscribing witnesses to convey real estate).
The McKoys claimed that the notary also acted as a subscribing witness. But she did not sign the deed as such, and the McKoys did not file a counterclaim seeking to reform the deed. See Smith v. Royal Auto. Group, Inc., 675 So.2d 144, 153-54 (Fla. 5th DCA 1996) (stating that reformation action may be used to supply missing signature). In any event, any such action would have required that the original grantor be joined as an indispensable party. See Palm v. Taylor, 929 So.2d 566 (Fla. 2d DCA 2006) (reversing judgment reforming deed when claim was not raised until amendment of complaint during trial, over objection, and when original grantor was not party to suit). Therefore, although we reverse the summary judgment as to Herron's deed, we affirm the summary judgment as to Earnshaw's deed.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] This case involves property at 1145 Highland Street in St. Petersburg. These same parties have recently appeared in this court regarding adjacent property at 866 Marion Court South. DeSilvio v. McKoy, 941 So.2d 374 (Fla. 2d DCA 2006) (table decision).