THOMAS, J.
 

 Appellant appeals the trial court’s Order of Subsequent Summary Administration in which the court found that Appellant had no interest in certain real property held by his late father’s estate and, instead, distributed the property to Appellant’s sister and his father’s former wife. For the reasons explained below, we reverse.
 

 Factual Background
 

 The facts in this case were undisputed. In 1985, Appellant, along with his late father and Appellee, acquired a townhouse via warranty deed. The deed conveyed an undivided one-half interest in the property to Appellee and the father, as husband and wife, and the remaining one-half undivided interest to Appellant, all as joint tenants with right of survivorship. Five years later, Appellant executed a quitclaim deed conveying his interest in the property to his father and Appellee. As acknowledged in that deed, Appellant’s father and Appel-lee were no longer married when the deed was executed.
 

 Nine years after that conveyance, Appellant’s father died intestate, leaving Appellant and his sister as his only beneficiaries. Appellee filed a Petition for Subsequent Summary Administration seeking distribution of the estate’s interest in the townhouse. The petition as
 
 *163
 
 serted that in 1990, Appellant conveyed his one-half interest in the townhouse to his father and Appellee which, upon the father’s death, resulted in one-half of the conveyed interest (i.e., one-quarter of the entire townhouse) inuring to the father’s estate. Appellee claimed that one-half of that interest should be distributed equally between Appellee and Appellant’s sister, with no portion going to Appellant.
 

 Appellant also asserted that the estate holds a one-quarter interest in the property. Appellant contested the petition, asserting that he and his sister, as sole beneficiaries of the estate, were each entitled to one-half of the estate’s interest in the property, and Appellee was not entitled to any portion of the estate’s interest.
 

 At the hearing below, Appellee argued that Appellant was not entitled to any interest in the property because his quitclaim deed conveyed any and all interest he had in the property, including the right to take by the intestacy laws. Appellee further argued that the doctrine of “after-acquired title” barred Appellant from regaining his interest in the property and entitled Appellee to the interest she claimed.
 

 The trial court issued an Order of Subsequent Summary Administration and distributed the property held by the estate. Appellee received a one-half interest, and Appellant’s sister received the other one-half interest. As to Appellant, the court found that he would take nothing “because he conveyed away all of his interest therein to [the father and Appellee] by his QuitClaim Deed executed” in 1990.
 

 Analysis
 

 The court’s ruling on this issue was an application of uncontested facts to the law; thus, our review is de novo.
 
 See Aills v. Boemi,
 
 29 So.3d 1105, 1108 (Fla.2010) (holding question of law applied to undisputed facts reviewed de novo).
 

 Although the trial court discussed during the hearing the after-acquired title doctrine relied upon by Appellee, it is unclear from its order whether the court relied on that doctrine in finding Appellant is not entitled to any interest in the property, whether the court found that Appellant’s quitclaim deed conveyed away any right to the property he may have under the intestacy laws, or some combination of both. In either case, the court erred.
 

 First, the after-acquired title doctrine has no application here. That doctrine addresses a situation in which a person purports to convey to another an interest in property he does not possess and then, after actually obtaining that interest, seeks to avoid the consequences of the conveyance on the ground that he had no interest to convey in the first place. Stated another way:
 

 Legal estoppel or estoppel by deed is defined as a bar which precludes a party to a deed and his privies from asserting as against others and their privies any right or title in derogation of the deed, or from denying the truth of any material fact asserted therein. In other words, legal estoppel contemplates that if I execute a deed purporting to convey an estate or land which I do not own or one that is larger than I own and I
 
 later acquire
 
 such estate or land, then the subsequently acquired land or estate will by estoppel pass to my grantee.
 

 Trustees of the Internal Improvement Fund v. O.H. Lobean,
 
 127 So.2d 98, 102 (Fla.1961) (emphasis added).
 

 The court in
 
 Lobean
 
 also explained another aspect of the doctrine: “ ‘An equitable estoppel, as affecting land titles, is a doctrine by which a party is prevented from setting up his legal title because he has through his acts, words, or silence led another to take a position in which the
 
 *164
 
 assertion of the legal title would be contrary to equity and good conscience.’ ”
 
 Id.
 
 (quoting
 
 Fla. Land Inv. Co. v. Williams,
 
 98 Fla. 1258, 116 So. 642, 643 (1928)).
 

 In both situations contemplated by the after-acquired property doctrine, the underlying concern is fraud or inequity. Such fraud or inequity may result from a party conveying or attempting to convey an interest in property which the purported conveyor does not possess and then, when that person later acquires that interest, the conveyor attempts to convey the property to someone else. Or, the fraud or inequity may occur when the conveyor challenges the prior conveyance on the grounds it was ineffective.
 

 Neither scenario exists here. Appellant did in fact have the interest in the property which he conveyed in the quitclaim deed. He did not later obtain title to that interest and then attempt to nullify the quitclaim deed by claiming that it was invalid, because he did not possess the interest he conveyed. There was thus no fraud or inequity based on an attempt to defeat the quitclaim deed. Rather, Appellant sought only distribution of the portion of property to which he was entitled as a beneficiary of his father’s estate. Furthermore, this court has held that “a mere quitclaim or release by deed is not an estoppel upon the releasor as to any after-acquired interest.”
 
 Van Pelt v. Estate of Clarke,
 
 476 So.2d 746, 747 (Fla. 1st DCA 1985). Thus, although Appellant deeded his interest in the property to his father, he is not later barred from obtaining an after-acquired interest in that property, absent fraud, inequity or some other legal ground.
 

 Appellee argues unpersuasively that Appellant seeks to use the intestacy laws to “reacquire the very same interest in the Property that he willingly gave away without provision to retain any survivorship right.” Appellant is not seeking to get the property back “as a benefit of survivorship over” his late father and Appellee. This observation, however, raises the possible alternative basis for the trial court’s finding.
 

 The court’s order states that Appellant’s quitclaim deed operated to “convey all of his interest” in the townhouse; thus, he is not entitled to any portion of the property that would otherwise pass to him as a beneficiary of his father’s estate. Any right Appellant has to take an interest in the property as a beneficiary did not, however, exist at the time Appellant executed the quitclaim deed. A quitclaim deed conveys only that interest in a property held by the grantor
 
 at the time of the conveyance. See, e.g., Blitch v. Sapp,
 
 142 Fla. 166, 194 So. 328, 330 (1940) (holding “a ‘quit-claim’ deed yields only such interest in land as the grantor had at the time of the making of such deed.”). In other words, “[t]he possibility that a person will inherit property from an ancestor is but an expectancy and not an interest in property. While a descendant may expect or hope to inherit, neither a present nor future interest in property actually exists in the absence of a conveyance.”
 
 Diaz v. Rood,
 
 851 So.2d 843, 845 (Fla. 2d DCA 2003);
 
 see also
 
 § 732.101(2), Fla. Stat. (“The decedent’s death is the event that vests the heirs’ right to the decedent’s intestate property.”).
 

 We recognize that the court in
 
 Diaz
 
 also held that it is possible to convey an expectancy. 851 So.2d at 845. In that case, however, the assignment in question made it clear that the grantor was doing just that; here, the quitclaim deed conveyed only Appellant’s interest in the townhouse as it existed at the time of the conveyance. It did not expressly convey any future right to the property Appellant may ac
 
 *165
 
 quire by virtue of an expectancy, such as a will or via intestacy.
 

 This leaves one matter remaining for resolution. The trial court’s order is silent as to the extent of the estate’s interest in the property. Both parties agree that the estate holds a one-half interest in the property, despite the assertions in their respective pleadings below that it holds a one-quarter interest. The parties are correct, because the interest in the property held by the father and Appellee converted into a tenancy in common when they divorced.
 
 See
 
 § 689.15, Fla. Stat. (providing that the “doctrine of the right of survivor-ship in cases of real estate and personal property held by joint tenants shall not prevail in this state ... except in cases of estates by entirety ...; and in eases of estates by entirety, the tenants, upon dissolution of marriage, shall become tenants in common.”). Thus, when Appellant conveyed to them his one-half interest in the property, they each owned one-half of the townhouse; upon the father’s death, his one-half share went to his estate. Thus, the trial court’s revised order should distribute one-half of the estate’s interest to Appellant and one-half to his sister, resulting in each of them receiving a one-quarter interest in the whole property.
 

 Conclusion
 

 For the foregoing reasons, we REVERSE the trial court’s order and REMAND for proceedings consistent with this opinion.
 

 DAVIS and VAN NORTWICK, JJ., concur.