WHATLEY, Judge.
Julia Feltus appeals a final judgment of foreclosure in favor of U.S. Bank National Association, as Trustee of Mastr Adjustable Rate Mortgages Trust 2007-3 entered upon U.S. Bank’s motion for summary judgment. We reverse because U.S. Bank failed to show conclusively the absence of a genuine issue of material fact and that it was entitled to foreclosure as a matter of law.
On August 24, 2009, U.S. Bank filed an unverified complaint seeking to reestablish a lost promissory note and to foreclose the mortgage on Feltus’s home. U.S. Bank attached to the complaint a copy of the note and the mortgage, but both documents showed the lender to be Countrywide Bank, N.A. In the count to reestablish the note pursuant to section 673.3091, Florida Statutes (2009), U.S. Bank alleged *376 that the note was executed by Feltus on February 16, 2007; U.S. Bank is the owner and holder of the note; the original note has been lost and is not in U.S. Bank’s custody or control; the note was continuously in the possession and control of U.S. Bank’s assignor and predecessor from the date of execution until the loss, at which time the assignor and predecessor was entitled to enforce the note; and the note has not been paid or otherwise satisfied, assigned, or transferred, or lawfully seized. Notably, these allegations did not include an allegation that Countrywide had assigned the note to U.S. Bank.
After Feltus filed a motion to dismiss alleging that U.S. Bank had failed to establish that it owned or held the subject note, on November 16, 2009, U.S. Bank filed an affidavit of indebtedness executed by Kathy Repka, an assistant secretary of BAC Home Loan Servicing, L.P., f/k/a Countrywide Home Loan Servicing, L.P. Repka asserted that her affidavit was based on the loan payment records of the servicing agent and her familiarity with those records. After she explained that the purpose of the records was “to monitor and maintain the account relating to a note and mortgage that are the subject matter of the pending case,” Repka asserted that U.S. Bank owns and holds the note described in its complaint. Then on November 18, 2009, U.S. Bank filed another copy of the note as a supplemental exhibit to its complaint.[1] In contrast to the copy attached to the complaint that contained no endorsements, this copy contained two endorsements that were side by side on the last page — the first stated “PAY TO THE ORDER OF: COUNTRYWIDE HOME LOANS, INC. WITHOUT RECOURSE COUNTRYWIDE BANK, N.A.” and the second stated “PAY TO THE ORDER OF: WITHOUT RECOURSE COUNTRYWIDE HOME LOANS, INC.” Notwithstanding this filing, eight days after Feltus filed her answer and affirmative defenses, on May 26, 2010, U.S. Bank filed a motion for summary final judgment alleging that it “owns and holds a promissory note and mortgage” and that the original note had been lost and is not in U.S. Bank’s control. But on June 4, 2010, U.S. Bank filed a reply to Feltus’s affirmative defenses in which it asserted that it is now in possession of the original note, a copy of which it attached and which is the same note it filed on November 18, 2009. U.S. Bank further asserted that because the note is endorsed in blank and it is in possession of the note, it is the bearer and entitled to foreclose the mortgage. See Riggs v. Aurora Loan Servs., LLC, 36 So.3d 932, 933 (Fla. 4th DCA 2010) (noting that pursuant to Uniform Commercial Code, negotiation of note by transfer of possession with blank endorsement makes transferee the holder of the note entitled to enforce it).
U.S. Bank’s reply of June 4, 2010, was the only pleading in which it alleged that the note was no longer lost, and it was the only pleading to which a copy of the alleged original note was attached. The reply could not serve as an amended complaint because U.S. Bank had not secured leave of court or Feltus’s written consent to amend its complaint after Feltus filed her answer and affirmative defenses. See Fla. R. Civ. P. 1.190(a). A pleading filed in violation of rule 1.190(a) is a nullity, and the controversy should be determined based on the properly filed pleadings. Warner-Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983).
*377 Before a court may grant summary judgment, the pleadings, depositions, answers to interrogatories, admissions, and any affidavits must “ ‘conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.’ ” Allenby Assocs., Inc. v. Crown St. Vincent Ltd., 8 So.3d 1211, 1213 (Fla. 4th DCA 2009) (quoting Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006)). The party moving for summary judgment bears the burden to show conclusively that there is a complete absence of any genuine issue of material fact. Id.
The properly filed pleadings before the court when it heard U.S. Bank’s motion for summary judgment were a complaint seeking to reestablish a lost note to which was attached a copy of a note made payable to Countrywide, N.A., Feltus’s answer and affirmative defenses alleging that the note attached to the complaint contradicts the allegation of the complaint that U.S. Bank is the owner of the note, a motion for summary judgment alleging a lost note of which U.S. Bank is the owner, and an affidavit of indebtedness alleging that U.S. Bank was the owner and holder of the note described in the complaint. The endorsed note that U.S. Bank claimed was now in its possession was not properly before the court at the summary judgment hearing because U.S. Bank never properly amended its complaint.[2] In addition, the complaint failed to allege that U.S. Bank “was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred.” § 673.3091(a). The affidavit of indebtedness provided no assistance in this regard because the affi-ant did not assert any personal knowledge of how U.S. Bank would have come to own or hold the note. See Shafran v. Parrish, 787 So.2d 177, 179 (Fla. 2d DCA 2001) (“When affidavits are filed to establish the factual basis of the motion [for summary judgment], they must be made on personal knowledge, demonstrate the affiant’s competency to testify, and be otherwise admissible in evidence.”).
The trial court erred in entering final judgment of foreclosure because the documents before it did not establish conclusively that there was no genuine issue of material fact and that U.S. Bank was entitled to foreclose Feltus’s mortgage as a matter of law. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CASANUEVA and CRENSHAW, JJ., Concur.

. This "filing” did not comply with Florida Rule of Civil Procedure 1.190(a) and thus was ineffective to amend U.S. Bank’s complaint.

. A cause of action must be complete before a party files a lawsuit. See Trawick, Fla. Prac. and Proc., § 14:8 (2010 ed.); see also § 95.031(1), Fla. Stat. (2009). Thus, even if U.S. Bank had properly amended its complaint to travel on the original note endorsed in blank, it would have needed to prove the endorsement in blank was effectuated before the lawsuit was filed.