DAMOORGIAN, J.
In this breach of contract claim, Thomas C. Ferguson (“Ferguson”) appeals a final summary judgment entered against him and in favor of his sister, Theresa F. Carnes (“Carnes”). We reverse.
The genesis of this appeal is a complaint to enforce an oral contract filed by Ferguson against Carnes. In his complaint, Ferguson alleged that he and Carnes are the only living children of a wealthy mother, who frequently threatened to disinherit both siblings. The complaint further alleged that Ferguson and Carnes entered into an oral agreement in order to afford each other assurance against disinheritance. The oral agreement provided that if one sibling were disinherited, Ferguson and Carnes would divide evenly between them whatever property either received from their mother’s estate. Eventually, the mother disinherited Ferguson and designated Carnes as her sole beneficiary.
Carnes refused to divide her inheritance with Ferguson. After Ferguson filed his breach of contract claim, Carnes moved for summary judgment, claiming that the alleged oral agreement failed for lack of consideration. The trial court agreed with Carnes, finding that the agreement was an unenforceable promise because there was no consideration.
“ ‘The standard of review of an order granting summary judgment is de novo.’ ” Corya v. Sanders, 76 So.3d 31, 33 (Fla. 4th DCA 2011) (quoting Fini v. Glascoe, 936 So.2d 52, 54 (Fla. 4th DCA 2006)). “When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party.” Id. Further, in the absence of any genuine issue of material fact, the moving party must show that it is entitled to judgment as a matter of law. Id.; see also Fla. R. Civ. P. 1.510(c).
An oral contract must meet the requirements of a written contract, including offer, acceptance, consideration, and sufficiently specific terms. St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla.2004). Promises have long been recognized as valid consideration in forming a contract. Diaz v. Rood, 851 So.2d 843, 846 (Fla. 2d DCA 2003) (“ ‘[A] promise, no matter how slight, can constitute sufficient consideration so long as a party agrees to do something that they are not bound to do.’ ” (quoting Ashby v. Ashby, 651 So.2d 246, 247 (Fla. 4th DCA 1995))); Wright & Seaton, Inc. v. Prescott, 420 So.2d 623, 626 (Fla. 4th DCA 1982) (“[Mjutual promises constitute considerations for each other.”); Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215, 218 (1935) (“Mutually enforceable promises may constitute a valid consideration for each other.”). A bilateral contract results from “mutual promises to do something in the future, in which the consideration of the one party is the promise on the part of the other, each party being both a promisor and a promis-ee.” McIntosh v. Harbour Club Villas Condo. Ass’n, 468 So.2d 1075, 1076 (Fla. 3d DCA 1985).
The oral agreement between Ferguson and Carnes did not lack consideration. ' Essentially, the terms of the oral agreement as pleaded, which Carnes admitted for purposes of her motion, delineated mutual promises. In other words, Ferguson and Carnes each promised the other to split their respective inheritances with the other, so that each would receive equal shares of whatever amount their mother willed to one or both of them. The consideration lies in the fact that each gave up the possibility of inheriting more *843 than the other in return for insuring that neither would be disinherited in whole or in part. See Ashby, 651 So.2d at 247. The trial court erred by viewing each promise in isolation of the other, rather than viewing them as mutual corresponding promises.
We conclude that Ferguson alleged sufficient facts to establish the creation of an oral agreement and to withstand summary judgment. Accordingly, we reverse and remand for further proceedings.

Reversed.

POLEN and LEVINE, JJ., concur.