NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


C&J GLOBAL INVESTMENTS, INC., a
Florida Corporation,

      Appellant,

v.                                                                    Case No.  2D16-4857

JVS CONTRACTING, INC., a Florida
Corporation; CHICAGO TITLE
INSURANCE COMPANY, a Nebraska
Corporation; CAPGAIN PROPERTIES,
INC., formerly known as Big Mojo Capital,
Inc., a corporation organized under the
laws of the Province of Alberta, Canada;
CAPGAIN HOLDINGS, INC., formerly
known as Capgain Properties, Inc., a
corporation organized under the laws of the
Province of Alberta, Canada; MICHAEL
LOPRIENO and BRIAN KNIGHT,

      Appellees.
_____

Opinion filed February 14, 2018.

Appeal from the Circuit Court for Polk
County; Mark F. Carpanini, Judge.

Donald J. Schutz, St. Petersburg, for
Appellant.

Michael R. D'Onofrio of The D'Onofrio Law
Firm, P.A., Naples; and Jonathan B. Sbar
of Rocke, McLean & Sbar, P.A., Tampa,
for Appellee JVS Contracting, Inc.

David S. O'Quinn of Fidelity National Law
Group, Fort Lauderdale, for Appellee
Chicago Title Insurance Company.

No appearance for remaining appellees.


SILBERMAN, Judge.

In the underlying action, C&J Global Investments, Inc., sued multiple defendants seeking, among other relief, a declaration that a warranty deed ("the first deed") it executed naming Capgain Properties, Inc., as grantee, is void; rescission of the first deed; and to quiet title to the property. C&J Global also seeks a declaration that a warranty deed (the "second deed") executed in the name of Capgain Properties, Inc., as grantor, in favor of JVS Contracting, Inc., as grantee, is void as a wild deed and seeks damages from JVS based on its intentional unauthorized entry onto the property.

JVS filed a cross-claim against codefendants Capgain Holdings, Inc., and Capgain Properties, Inc., seeking reformation of the second deed and a related contract based on an alleged error as to the named grantor. In this appeal, C&J Global seeks review of an order denying its motion to intervene in that cross-claim. We conclude that C&J Global does not have a direct and immediate interest in the reformation cross-claim at this time and affirm.

Florida Rule of Civil Procedure 1.230 provides for intervention by "[a]nyone claiming an interest in pending litigation."

> [T]he interest which will entitle a person to intervene . . .
> must be in the matter in litigation, and of such a direct and
> immediate character that the intervenor will either gain or
> lose by the direct legal operation and effect of the judgment.
> In other words, the interest must be that created by a claim
> to the demand in suit or some part thereof, or a claim to, or

lien upon, the property or some part thereof, which is the subject of litigation.

Union Cent. Life Ins. Co. v. Carlisle, 593 So. 2d 505, 507 (Fla. 1992) (alteration in original) (omission in original) (quoting Morgareidge v. Howey, 78 So. 14, 15 (Fla. 1918)).  A person should be joined in an action to reform a deed if a ruling could divest that person of whatever interest he or she might have in the property.  Palm v. Taylor, 929 So. 2d 566, 568 (Fla. 2d DCA 2006).  Absent an abuse of discretion, a trial court's decision to grant or deny a motion to intervene will be upheld.  Bonafide Props. v. Wells Fargo Bank, N.A., 198 So. 3d 694, 695 n.2 (Fla. 2d DCA 2016).

C&J Global is not a party to the second deed but argues that it has an ownership interest that could be divested if JVS prevails in the reformation cross-claim. C&J Global asserts that if the second deed is reformed, JVS may be able to successfully maintain that it is a bona fide purchaser of the property without notice.  And then JVS would not be subject to C&J Global's claims seeking to establish its interest in the real property at issue in the underlying action.  See Restatement (Third) of Restitution and Unjust Enrichment § 66 cmt. a (Am. Law Inst. 2011).

The difficulty with C&J Global's argument is that the property interest it seeks to protect by intervention is the interest that it transferred through the first deed. Although C&J Global contends that the transaction reflected by the first deed is invalid and should be undone, a judgment reforming the second deed will not itself cause C&J Global to directly and immediately gain or lose an interest it might have in the property. Indeed, before the reformation action could result in any impact on the interest C&J Global claims it should have in the property, C&J Global must first prevail in its action to void or rescind the first deed.  Because that has not yet occurred and because C&J

- 3 -

Global is not a party to the second deed, it cannot establish that it has an interest that would be directly and immediately affected by reformation of the second deed. See Stefanos v. Rivera-Berrios, 673 So. 2d 12, 13 (Fla. 1996) (holding that an "indirect, inconsequential or contingent interest is wholly inadequate" to entitle a party to intervene in the matter being litigated); Kissoon v. Araujo, 849 So. 2d 426, 429 (Fla. 1st DCA 2003) (same). Further, based on the limited information contained in our record and the arguments of the parties, it remains in dispute whether JVS ultimately may be deemed to be a bona fide purchaser of the property.

Under these circumstances, we are compelled to conclude that C&J Global's asserted interest is not of a direct and immediate character; rather, the interest is contingent and uncertain. At this time, C&J Global does not have an ownership interest in the property such that it would gain or lose by the direct legal operation of a judgment reforming the second deed. Accordingly, we cannot say the trial court erred in denying C&J Global's motion to intervene.

Affirmed.


CASANUEVA and LUCAS, JJ., Concur.