# Third District Court of Appeal

## State of Florida

Opinion filed January 21, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0317
Lower Tribunal No. 20-10393-CA-01
_____

**KK-PB Financial, LLC,**
Appellant,

vs.

**Salazar Law, LLP, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Zink, Zink, and Zink Co., L.P.A, and Larry A. Zink (Hillsboro Beach), for appellant.

Cole, Scott & Kissane, P.A., and Scott A. Cole and Francesca Stein, for appellees.

Before FERNANDEZ, GORDO and GOODEN, JJ.

PER CURIAM.

Affirmed. See United Auto. Ins. Co. v. ISOT Med. Ctr. Corp., 337 So. 3d 81, 83 (Fla. 3d DCA 2021) (holding the standard of review on orders granting summary judgment is de novo); CEFCO v. Odom, 278 So. 3d 347, 352 (Fla. 1st DCA 2019) ("To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove offer, acceptance, consideration, and sufficient specification of essential terms."); Gibson v. Courtois, 539 So. 2d 459, 460 (Fla. 1989) ("Mutual assent is an absolute condition precedent to the formation of the contract."); Eglin Fed. Credit Union v. Baird, 400 So. 3d 643, 646 (Fla. 1st DCA 2024) (providing mutual assent can be evidenced by a contract signed by both parties or "shown through other means, such as acts or conduct of the parties."); Ferguson v. Carnes, 125 So. 3d 841, 842 (Fla. 4th DCA 2013) ("Promises have long been recognized as valid consideration in forming a contract."); Gateway Cable T.V., Inc. v. Vikoa Constr. Corp., 253 So. 2d 461, 463 (Fla. 1st DCA 1971) ("A contract may be binding on a party despite the absence of a party's signature."); Integrated Health Services of Green Briar, Inc. v. Lopez-Silvero, 827 So. 2d 338 (Fla. 3d DCA 2002) (holding a party that does not sign a written contract is bound by it if both parties perform under the contract); § 687.03, Fla. Stat. (2013) (sets the maximum interest rate permitted by law to be 18% per annum for amounts under $500,000); § 687.03(1), Fla. Stat.

(2013) (for amounts or values exceeding $500,000, it is not usurious or unlawful unless the interest rate exceeds the rate prescribed in section 687.071(2), which is 25% per annum); § 687.01, Fla. Stat. (2013) (provides that "[i]n all cases where interest shall accrue **without a special contract** for the rate thereof, the rate is the rate provided for in s. 55.03.") (emphasis added); WPB, Ltd. v. Supran, 720 So. 2d 1091, 1092 (Fla. 4th DCA 1998) (finding a "special contract" is "always an express contract, 'one whose provisions are expressed and not dependent on implication.'"); Home Loan Co., Inc. of Boston v. Sloane Co. of Sarasota, 240 So. 2d 526, 526 (Fla. 2d DCA 1970) ("A party opposing a motion for summary judgment will not be permitted to alter the position of his previous pleadings, admissions, affidavits, depositions or testimony in order to defeat a summary judgment."); Gooding v. Univ. Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) ("[W]hen the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to [grant summary judgment].") (quoting *Prosser, Law of Torts* § 41 (4th Ed. 1971)).